No. 85–847. MASON ET AL. *v.* CONTINENTAL GROUP, INC., ET AL. C. A. 11th Cir. Certiorari denied. ▮

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In this case, the United States Court of Appeals for the Eleventh Circuit ruled that beneficiaries of an Employee Retirement Income Security Act (ERISA) plan must exhaust internal plan remedies before suing plan fiduciaries on the basis of an alleged violation of duties imposed by the statute. Although this ruling is consistent with the law of the Seventh Circuit, see *Kross* v. *Western Electric Co.*, 701 F. 2d 1238 (1983), it is at odds with a decision of the Ninth Circuit, *Amaro* v. *Continental Can Co.* 724 F. 2d 747 (1984), which held that plaintiffs alleging a statutory violation (as opposed to a mere denial of benefits owing under an ERISA plan) need not exhaust internal remedies.* The Third Circuit has noted the existence of this conflict but failed to take a direct position on it, see *Barrowclough* v. *Kidder, Peabody & Co.*, 752 F. 2d 923, 939, n. 15 (1985), although that court's acceptance of the notion that statutory ERISA claims are normally not arbitrable seems to reflect agreement with the Ninth Circuit's approach. See *id.*, at 941.

I believe that the Court should grant certiorari in this case in order to resolve the uncertainty over the existence of an exhaustion requirement in cases of this kind. The increasing significance of ERISA litigation is apparent from the growing number of such cases that appear on our docket; in a field so productive of federal litigation, the need for clear procedural rules governing access to the federal courts is imperative. Moreover, because the coverage of particular ERISA plans frequently extends to beneficiaries in more than one State—and, no doubt, in more than one judicial circuit—differences in the rules governing access to federal court for the purpose of pressing a claim under ERISA may have the troubling effect of encouraging forum shopping by plaintiffs. Accordingly, the conflict among the Circuits over the issue of an exhaustion requirement under ERISA can hardly be passed .

---

*Cf. *Amato* v. *Bernard*, 618 F. 2d 559 (CA9 1980) (adopting exhaustion requirement where beneficiary merely seeks benefits due under the terms of an ERISA plan).

over as an unimportant one unworthy of this Court's attention. I therefore dissent from the denial of certiorari.