791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK BECK, Plaintiff-Appellant
v.
BORDEN, INC., Defendant-Appellee.
 84-3621
 United States Court of Appeals, Sixth Circuit.
 4/30/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Frank Beck appeals the district court's grant of summary judgment in Beck's action against his former employer Borden, Inc. Beck claims that Borden did not make contributions to the appropriate pension plan, Teamster's Pension Fund, on his behalf for the years 1960 through 1975. Beck retired in 1979.
 
 
 2
 In its motion for summary judgment, Borden asserted that Beck had failed to exhaust the exclusive contract remedies provided by the collective bargaining agreements in effect during the pertinent time periods. The agreements contained a grievance procedure ending in binding arbitration. The agreement further provided that the grievance procedure was to be the exclusive remedy for breaches of the contract. The district court granted summary judgment on the basis that this action was precluded because Beck had failed to pursue the collectively-bargained-for agreement remedies.
 
 
 3
 Beck argues on appeal that there was a genuine issue of material fact as to whether he pursued the applicable grievance procedure because he did speak with his supervisor about the problem in 1975. The first step of the grievance procedure was to submit the grievance to the employee's supervisor. Beck claims that in 1975 when he first learned that there might be a problem with his pension, he contacted his supervisor. Beck claims that he never pursued the matter further because the supervisor assured him that the problem would be resolved. Beck claims that he relied on this representation and therefore had a good faith belief that Borden in effect had repudiated the applicable contract procedures and to proceed would be futile. Alternatively, Beck argues that if he did fail to utilize the grievance procedure, his action is not precluded because Borden in effect had repudiated the contract and thus following the grievance procedures would have been vain and futile.
 
 
 4
 Finally, Beck claims that the union that should have represented him in this matter, Teamster's Local 377, failed to do so and therefore that his failure to pursue grievance procedures was excusable. Beck's affidavit states that Beck tried to contact various union officials but that either they did not return his calls or they told him that they would look into the complaint. Beck stated that he eventually stopped trying to contact the union.
 
 
 5
 Summary judgment is proper if there are no genuine issues of material fact or if there are issues as to the inferences which may be drawn from the facts. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Here there can be no doubt that summary judgment was proper.
 
 
 6
 Beck's action in speaking with the person Beck claims was his supervisor once about the pension contributions in 1975 without more is not a use of the contractually provided grievance procedures. Clearly, Beck did not even attempt to exhaust the exclusive collective bargaining agreement remedies. Thus, he is precluded from pursuing this action in court. See Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965).
 
 
 7
 Nor does Beck's situation fall into one of the categories of exceptions to the exhaustion of contract remedy rule. The exhaustion rule is not a bar to judicial action if the conduct of the employer amounts to a repudiation of the contract procedures. Nor is the exhaustion rule a bar if the union has the sole power under the contract to invoke the higher steps of the grievance procedure and if the employee has been prevented from exhausting his remedies as provided in the contract by the union's wrongful refusal to pursue the grievance. Vaca, 386 U.S. at 185. Vaca requires that the union's actions toward the employee be arbitrary, discriminatory or in bad faith before this second exception to the exhaustion rule can be invoked. Vaca, 386 U.S. at 188; Dill v. Greyhound Corp., 435 F.2d 231, 237-38 (6th Cir. 1970), cert. denied, 402 U.S. 952 (1971). Bad faith is not always necessary but 'mere negligence or mistaken judgment is insufficient to establish a breach of the union's duty.' Poole v. Budd Co., 706 F.2d 181, 183 (6th Cir. 1983).
 
 
 8
 Borden received no grievances so it cannot be said that Borden refused to process the grievance thereby repudiating the contract procedures. The action of the Borden representative in 1975 in assuring Beck that the matter would be resolved is also not a repudiation. Further, Beck has placed no evidence before the court of any bad faith or arbitrary or discriminatory actions by the union. He states only that he repeatedly tried to reach several union representatives but that they never returned his calls or acted on his case. He eventually stopped trying to contract the union. At most, Beck has claimed and the evidence reflects negligence on the part of the union and perhaps on the part of Beck. This is not enough to invoke the union exception to the exhaustion of contract remedy rule.
 
 
 9
 We affirm.