**Jay Sachs COHEN and John Philip McCarthy**

v.

**GROSS, SKLAR & METZGER and Bernard M. Gross.**

**Civ. A. No. 88–5009.**

United States District Court, E.D. Pennsylvania.

Jan. 20, 1989.

William F. Sweeney, Schumbert, Bellwoar, Mallon & Walheim, Philadelphia, Pa., for plaintiffs.

Deborah R. Gross, Gross, Sklar & Metzger, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiffs Jay Sachs Cohen and John Philip McCarthy bring this suit against their former employer, Gross, Sklar & Metzger and Bernard M. Gross, for damages arising from violations of the Employee Retirement Income Security Act, 29 U.S. C. §§ 1001–1461 ("ERISA"). In their complaint, plaintiffs allege the following: that the defendants are and were administrators of the money purchase pension and/or retirement plan; that plaintiffs, as participants and/or beneficiaries of the plan, established and administered by defendants, are eligible to be provided with copies of the Summary Plan Description; that plaintiffs requested this information in writing from the defendants; that defendants refused to comply with these requests; and that this refusal was in violation of 29 U.S.C. § 1132(c).

Before the court is the motion of the defendants to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendants' motion is denied.

Despite the fact that neither party provided this court with the proper legal authorities with which to dispose of this motion, and despite the fragmented arguments of both parties, I have managed to wade through the muddled briefs and will explain the basis for my ruling. The gravamen of defendants motion is the failure of plaintiffs Jay Sachs Cohen and John Philip McCarthy to exhaust their administrative remedies before attempting to adjudicate their claims in this court. Accordingly, defendants cite *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182 (3d Cir.1984) for the proposition that ERISA claims should not be heard until plaintiffs have exhausted non-judicial administrative remedies.[1] However, several cases since *Wolf* have clearly distinguished the rule when dealing with a case such as the one at bar, explicitly finding that the rule enunciated in *Wolf* "does not govern actions … brought not to enforce the terms of the

---

1. The other case upon which defendants rely is *Tomczyscyn v. Teamsters, Local 115 Health & Welfare,* 590 F.Supp. 211 (E.D.Pa.1984). *Tomczyscyn,* however, is completely inapposite to the case at bar. In *Tomczyscyn,* plaintiffs brought suit seeking *benefits* under an ERISA plan. Accordingly, Judge Luongo found that when a claimant seeks benefits under an ERISA plan, the claimant will only be excused from exhaustion if he satisfies one of the following exceptions: "if the claimant is threatened with irreparable harm, if resort to administrative remedies would be futile, or if the claimant has been denied meaningful access to the plan's administrative procedures." *Id.* at 213. Defendants in the instant case assert that because plaintiffs do not fall within the ambit of these exceptions, they must first exhaust their administrative remedies before seeking relief from this court. Defendants reliance on *Tomczyscyn* is misplaced. In the case at bar, plaintiffs are attempting to assert statutory rights under the ERISA statute rather than seeking benefits under an ERISA plan. Since *Tomczyscyn* was decided, the Third Circuit has clearly distinguished between these two situations. *See Zipf v. American Telephone & Telegraph Co.,* 799 F.2d 889, 892–93 (3d Cir.1986).

plan, but to assert rights granted by the federal statute." *Zipf v. American Telephone & Telegraph Co.*, 799 F.2d 889, 891 (3d Cir.1986). *See also Gavalik v. Continental Can Co.*, 812 F.2d 834, 849 (3d Cir.), *cert denied,* —— U.S. ——, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987).

Moreover, in *Barrowclough v. Kidder Peabody & Co., Inc.*, 752 F.2d 923 (3d Cir.1985), the Third Circuit explicitly found that a claim for damages under section 1132 "presents a purely statutory issue ... [which] is in the exclusive jurisdiction of the federal courts." *Id.* at 940. *Barrowclough* is strikingly similar to the case at bar. *Barrowclough* involved a suit brought against an employer under section 1132(c) of the ERISA statute for failure to provide an accounting as required by section 1025. In the case *sub judice,* plaintiffs seek relief under section 1132(c) for failure to provide them with a Summary Plan Description as required by section 1024. Section 1132(c) allows for civil enforcement of an administrator's refusal to supply requested information. It provides, in pertinent part:

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c) (1982 & Supp. IV 1986).

There is a conflict among the circuit courts of appeal as to whether beneficiaries of an ERISA plan must exhaust internal plan remedies before suing plan fiduciaries on the basis of an alleged violation of duties imposed by the statute. *Compare Amaro v. Continental Can Co.*, 724 F.2d 747, 752 (9th Cir.1984) (plaintiffs alleging a statutory violation, as opposed to a denial of benefits owing under an ERISA plan,

need not exhaust internal remedies) *with Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1226–27 (11th Cir.1985) (claims grounded in statutory provisions of ERISA must first be brought through plan's appeals procedures), *cert. denied,* 474 U.S. 1087 (1986) *and Kross v. Western Electric Co.*, 701 F.2d 1238, 1245 (7th Cir. 1983) (claimant must first exhaust administrative remedies prior to bringing ERISA-based lawsuit in federal court). The Supreme Court has thus far declined to resolve this issue. *See Mason v. Continental Group, Inc.*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). In their dissent from the Court's denial of certiorari in *Mason,* however, Justices White and Brennan considered the Third Circuit's decision in *Barrowclough* "to reflect agreement with the Ninth Circuit's approach." *Mason v. Continental Group, Inc.*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986) (White, J. dissenting). Since then, the Third Circuit decided *Zipf,* which squarely addressed this issue and distinguished between an action alleging *a statutory violation*—where there is no requirement to exhaust administrative remedies—and an action based on *a denial of benefits* owing under an ERISA plan—where a plaintiff must first exhaust internal non-judicial administrative remedies before adjudicating his claim in the courts.[2] Because plaintiffs' action alleges a statutory violation, to wit the failure of the defendants to supply them with the Summary Plan Description as is required under the statute, I find that plaintiffs were not required to exhaust non-judicial administrative remedies.

Having found that plaintiffs were not obligated to exhaust any or all administrative remedies and having found that they may certainly maintain an action against the plan administrator, it is unnecessary for me to address defendants' factual contention that it was not the administrator of the plan and its claim that it informed the plaintiffs of precisely who the plan administrator was. While the defendants may in fact not have been the plan administrator, this is not an appropriate issue to address

---

2. In doing so, the Third Circuit made clear that it rejected the Seventh and Eleventh Circuits' approach, finding that the legislative history of

the ERISA statute "does not indicate a congressional intent that exhaustion of statutory claims be required." *Zipf,* 799 F.2d at 892 n. 4.

at this time. As defendants know, for purposes of a motion to dismiss, I must accept as true, all of plaintiffs' well pleaded allegations, *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), and construe them in a light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In this case, that includes plaintiffs' contention that the defendants Gross, Sklar & Metzger and Bernard M. Gross are indeed the plan's administrator. Since plaintiffs clearly have a cause of action against the plan administrator under the ERISA statute, 29 U.S.C. §§ 1021, 1024(b)(2), I cannot dismiss the complaint. Accordingly, the motion of the defendant is denied.