

Alan J. Kluger, Andrew P. Gold, Miami, Fla., for plaintiffs.

Terrence G. Connor, Jean Reed, Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER ADOPTING AND AFFIRMING THE MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Magistrate's Report and Recommendation regarding the Defendants', CORDIS CORPORATION, et al., Motion for Summary Judgment. Plaintiffs, ARTHUR FOSTER, JAMIE FOSTER, GARY NOTO, and JOAN NOTO, as employees of the Cordis Corporation, instituted this action against the Defendants, CORDIS CORPORATION, et al., for alleged violations of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C.A. Section 1001, *et seq.* Plaintiffs have alleged that the Defendants failed to provide employee benefits in accordance with the Cordis Employee Retirement Plan and that the denial of these benefits constitutes a violation of ERISA. The Defendants filed a Motion for Summary Judgment, and as grounds in support thereof, state that Plaintiffs' Complaint should be dismissed as a matter of law, due to Plaintiffs' failure to exhaust their administrative remedies under the Cordis Plan.

The Court referred this matter to Magistrate Palermo for a Report and Recommendation on the issues presented. 28 U.S.C. A. Section 636(b). The Magistrate issued a

**Arthur FOSTER, Jamie Foster, Gary Noto, and Joan Noto, Plaintiffs,**

v.

**CORDIS CORPORATION, et al., Defendants.**

**No. 88–0251–CIV.**

United States District Court, S.D. Florida, Miami Division.

Feb. 23, 1989.

Report and Recommendation thereafter, wherein he recommended that this Court GRANT Defendants' Motion for Summary Judgment as Plaintiffs failed to exhaust their administrative remedies prior to instituting suit in federal court. Plaintiffs filed objections to the Magistrate's Report and Recommendation, and the Defendants responded thereto. After a *de novo* review of this matter, it is the opinion of this Court that the Defendants' Motion for Summary Judgment should be granted.

### Jurisdiction

This Court has federal subject matter jurisdiction over this action pursuant to 29 U.S.C.A. Section 1132(e)(1).

### Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgement as a matter of law." Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, it is the Court's obligation to review the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A ruling on summary judgment should be guided by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency.

*Trustees of the Plumbers Local No. 519 Health and Welfare Trust Fund v. Garcia,* 677 F.Supp. 1554, 1556 (S.D.Fla.1988). However, summary judgment is an extreme remedy which should not be granted, unless the moving party has established his right to judgment beyond controversy. *Id.*

### Discussion

### Exhaustion of administrative remedies under ERISA

■ ERISA prescribes that a retirement benefit plan must afford a reasonable opportunity for review of a claim for benefits. 29 U.S.C.A. Section 1133(1) and (2). Accordingly, every retirement plan must establish a review procedure to examine employee claims and grievances. ERISA does not mandate the exhaustion of administrative remedies as a condition precedent to filing an action for violations thereof. Courts, however, have generally required claimants to exhaust their administrative remedies prior to instituting suit in federal court under ERISA. *Kross v. Western Electric,* 701 F.2d 1238 (7th Cir.1982). The Eleventh Circuit has expressly adopted the exhaustion requirement for ERISA claims. *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir.1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1985). The compelling considerations which support the exhaustion requirement are as follows: (1) administrative claim resolution reduces the amount of frivolous suits under ERISA; (2) it prevents premature judicial intervention; and (3) reduces the costs of dispute resolution. *Id.* at 1227.

The exhaustion requirement is consistent with Congress' intent that employee benefit funds have primary responsibility for processing claims. As the Ninth Circuit stated in *Challenger v. Local Union No. 1,* 619 F.2d 645, 649 (7th Cir.1980), "[i]t would certainly be anomalous if the same good reasons that presumably led Congress and the Secretary to require covered plans to provide administrative remedies for aggrieved claimants did not lead the courts to see that those remedies are regularly used. Moreover, the trustees of the covered bene-

fit plans are granted broad fiduciary rights and responsibilities under ERISA, and implementation of the exhaustion requirement will enhance their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes."

■ In the instant case, the Cordis Corporation established an intrafund review procedure to examine employee benefit claims. The Cordis Plan provided a detailed review procedure for claims submitted by Plan participants, and established the authority of the Cordis Committee to resolve those claims when presented. Plaintiffs, however, failed to seek intrafund review of their claims before instituting the present action.

Evidence adduced in support of Defendant's Motion for Summary Judgment demonstrates that Plaintiffs have failed to follow the proper administrative procedure for presentment of their claims. Evidence offered by the Plaintiffs in opposition thereto fails to rebut the Defendants' evidence. Evidence presented by both Plaintiffs and Defendants demonstrates that the Plaintiffs attempted to present only one of their six claims to the Cordis Review Committee, and that they presented this claim improperly.

Plaintiffs did attempt, although improperly, to present a claim for lump-sum payment of accrued benefits. Plaintiffs, however, neglected to present their remaining claims to the Cordis Review Committee, which included claims for (1) failing to provide "full vesting" to the Plaintiffs pursuant to the Cordis Employee Retirement Plan; (2) improperly allocating assets held by the Plan, and miscalculating Plan benefits; (4) engaging in prohibited transactions; (5) failing to distribute retirement benefits in "lump sum" payments upon termination of Plaintiffs' employment with Cordis; and (6) depriving Plaintiffs of health care benefits.

In the Court's opinion, the Defendants have established as a matter of law that (1) the Cordis Corporation established a detailed procedure of review, and that (2) the Plaintiffs failed to avail themselves of this procedure. By presenting their claims directly to this Court, the Plaintiffs have attempted to by-pass the internal review procedure established by Cordis. Plaintiffs' failure to exhaust their administrative remedies is evident to this Court, accordingly, their claims must be dismissed as a matter of law.

### Exceptions to the Exhaustion Requirement

Exceptions to the exhaustion requirement exist. Exhaustion of administrative remedies is not required (1) where it would prove futile, *Republic Steel Co. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); (2) where the claimant was wrongfully denied access to the review procedures, *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980); (3) where irreparable harm would result by requiring exhaustion, *Central States, etc., v. T.I.M.E.–DC*; (4) where administrative remedies are inadequate, *Southeast Alaska Conservation Council v. Watson*, 697 F.2d 1305 (9th Cir.1983); or (5) where the issue involves statutory interpretation, *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir.1984). Plaintiffs have failed to demonstrate the applicability of any of these exceptions to the instant case; accordingly, Plaintiffs are not exempted from exhausting their administrative remedies.

### Conclusion

As it appears that the Plaintiffs failed to avail themselves of the administrative review process before instituting this action, Defendants' Motion for Summary Judgment should be granted for Plaintiffs' failure to exhaust their administrative remedies. The Eleventh Circuit favors exhaustion of administrative remedies prior to judicial intervention, for exhaustion reduces frivolous claims, promotes the consistent treatment of claims, and creates a non-adversarial method of claims settlement. *Mason v. Continental Group, Inc.*, 763 F.2d at 1227. Furthermore, exhaustion of remedies avoids the high cost of litigation that both employers and employees would inevitably incur if claimants were required

or allowed to filed their claims directly with the courts. Upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that this Court ADOPTS AND AFFIRMS the Magistrate's Report and Recommendation. Accordingly, Defendants' Motion for Summary Judgment is GRANTED, and the Plaintiffs' claims are dismissed as a matter of law.

DONE AND ORDERED.