**Arthur FOSTER, Jamie Foster, Gary Noto and Joan Noto, Plaintiff,**

v.

**CORDIS CORPORATION, et al., Defendants.**

**No. 88-251-CIV.**

United States District Court, S.D. Florida, Miami Division.

June 1, 1989.

Terence G. Connor and Mark E. Zelek, Miami, Fla., for plaintiff.

Alan J. Kluger and Donald J. Jaret, Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND SANCTIONS

THIS CAUSE comes before the Court upon the Defendants', CORDIS CORPORATION, et al., Motion for Attorneys' Fees and Sanctions, filed with this Court on March 27, 1989. For the reasons set forth below, it is the opinion of this Court that the aforementioned motion should be DENIED.

### Procedural History

On February 10, 1988, Plaintiffs instituted the above-styled cause against the Defendants, the Cordis Corporation, et al., based upon the Defendants' alleged violations of ERISA. On March 25, 1988, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, based upon Plaintiff's failure to exhaust their administrative remedies under the Cordis Plan. In opposition thereto, Plaintiffs maintained that the facts of the instant case brought it within one of the well recognized exceptions to the exhaustion requirement.

Magistrate Palermo issued a Report and Recommendation on this matter, and therein recommended that this Court dismiss the above-styled cause based upon Plaintiffs' failure to exhaust administrative remedies. Plaintiffs filed an Objection to the Magistrate's Report and Recommendation, and Defendants filed a response thereto. By Order dated February 23, 1989, this Court ADOPTED AND AFFIRMED the Magistrate's Report and Recommendation, thereby granting Defendants' Motion for Summary Judgment.

On March 27, 1989, Defendants filed a Motion for Attorneys' Fees and Sanctions, pursuant to 29 U.S.C.A. Section 1132(g)(1) and Federal Rule of Civil Procedure 11. Plaintiffs have filed a Memorandum of Law in Opposition thereto.

### Discussion

Exhaustion of administrative remedies is a prerequisite to instituting an ERISA action in a federal district court. *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). ERISA itself does not mandate the exhaustion of administrative remedies as a condition precedent to filing an action for violations thereof. Courts, however, have generally required claimants to exhaust their administrative remedies prior to instituting suit in federal court under ERISA. *Kross v. Western Electric*, 701 F.2d 1238 (7th Cir.1983). The Eleventh Circuit has expressly adopted the exhaustion require-

ment for ERISA claims. *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir.1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1985).[1]

Exceptions to the exhaustion requirement exist. Exhaustion of administrative remedies is not required (1) where it would prove futile, *Republic Steel Co. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); (2) where the claimant was wrongfully denied access to the review procedures, *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980); (3) where irreparable harm would result by requiring exhaustion, *Central States, etc., v. T.I.M.E.–DC;* (4) where administrative remedies are inadequate, *Southeast Alaska Conservation Council v. Watson,* 697 F.2d 1305 (9th Cir.1983); or (5) where the issue involves statutory interpretation, *Amaro v. Continental Can Co.,* 724 F.2d 747 (9th Cir.1984).

Plaintiffs instituted the above-styled cause against the Defendants, based upon their alleged violations of ERISA. Plaintiffs, however, failed to exhaust their administrative remedies prior to instituting this action. Despite their failure to exhaust administrative remedies, Plaintiffs proceeded with this litigation based upon their belief that an exception to the exhaustion requirement applied.

By Order dated February 23, 1989, this Court concluded that Plaintiffs (1) failed to exhaust their administrative remedies, and (2) failed to demonstrate the applicability of any of the aforementioned exceptions to the instant case. Accordingly, this Court granted Defendants' Motion for Summary Judgment based upon Plaintiffs' failure to exhaust their administrative remedies.

Based upon this Court's ruling, Defendants have filed a Motion for Attorneys' Fees and Sanctions pursuant to 29 U.S.C.A. Section 1132(g) and Federal Rule of Civil Procedure 11. In support thereof, Defendants maintain that Plaintiffs exhibited bad faith in filing the instant action prior to exhausting their administrative remedies. For the reasons set forth below, it is the opinion of this Court that an award of attorneys' fees is not warranted in the instant case.

### *29 U.S.C.A. Section 1132(g)(1)*

Section 502(g) of ERISA, 29 U.S.C.A. Section 1132(g), governs the award of attorneys' fees in ERISA cases. It provides in pertinent part that:

> [i]n any action under this subchapter ... by a participant, beneficiary or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Section 1132(g)(1) fails to indicate what criteria should govern a court's determination of when to make fee awards and the legislative history fails to furnish any guidelines. *See* Note, *Attorney's Fees Under ERISA: When is an Award Appropriate?,* 71 Cornell L.Rev. 1037, 1042, 1050 (1986). Virtually all circuits, including the Eleventh Circuit, have adopted five factors as the "nuclei of concerns" that should govern a district court's determination of whether to award attorneys' fees pursuant to 29 U.S.C.A. Section 1132(g)(1). *Ironworkers Local 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). These factors, which should guide but not control the district court's decision, include:[2]

1.  The degree of the opposing party's culpability or bad faith;

2.  The ability of the opposing party to satisfy an award of attorneys' fees;

3.  Whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances;

4.  Whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan

---

1.  The compelling considerations which support the exhaustion requirement are as follows: (1) administrative claim resolution reduces the amount of frivolous suits under ERISA; (2) it prevents premature judicial intervention; and (3) reduces the costs of dispute resolution. *Id.* at 1227.

2.  Not one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 1132(g).

or to resolve a significant legal question regarding ERISA itself; and

5. The relative merits of the parties' positions.

As recognized by the Eleventh Circuit Court of Appeals in *Nachwalter v. Christie,* 805 F.2d 956, 962 (11th Cir.1986):

In applying these criteria [those set forth in *Ironworkers, supra,* and identified above] however, courts should bear in mind ERISA's essential remedial purpose: to protect the beneficiaries of private pension plans. *See Dennard v. Richards Group, Inc.,* 681 F.2d 306, 319 (5th Cir.1982). Adherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose.

■ An application of the *Ironworkers'* test to the instant case requires a denial of Defendants' Motion for Attorneys' Fees and Sanctions. It is the opinion of this Court that Plaintiffs instituted this action against the Defendants in good faith, based upon the Defendants' alleged violations of ERISA. Although Plaintiffs failed to exhaust their administrative remedies, Plaintiffs may well have believed in good faith that the facts of this case brought it within an exception to the exhaustion requirement. The fact that this Court determined, in the exercise of its discretion, that an exception to the exhaustion of administrative remedies doctrine was not applicable to the instant action, does not render the Complaint frivolous. As such, Defendants are not entitled to attorneys' fees pursuant to Section 1132(g)(1).

*Federal Rule of Civil Procedure 11*

Federal Rule of Civil Procedure 11 provides in pertinent part: a signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief, formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law....

■ Rule 11, as amended in 1983, seeks to address the spiraling costs of litigation by deterring the filing of actions not well founded in law or fact. Courts, however, must be wary of the chilling effect which Rule 11 may have upon zealous advocacy. Thus courts, in applying Rule 11, must do so cautiously so as not to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *See Advisory Committee Notes,* reprinted at 97 F.R.D. 198 (1983); *see also Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla.,* 827 F.2d 1454 (11th Cir.1987).

Upon review of this matter, this Court finds that Rule 11 sanctions are not warranted in the instant case. From the inception of this litigation, Plaintiffs have maintained that this case falls within an exception to the exhaustion requirement. The Court's decision that an exception to the exhaustion requirement did not apply to the instant case does not render the Complaint frivolous, such that the attorney signing the same would violate his duty imposed by Rule 11. As such, it is the opinion of this Court that Plaintiffs' conduct in this case does not warrant Rule 11 sanctions, and thus, Defendants' are not entitled to attorneys' fees under Rule 11. Upon review of this matter, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Attorneys' Fees and Sanctions is DENIED.

DONE AND ORDERED.