George SMITH, et al., Plaintiffs,

v.

GENERAL MOTORS CORP.,
et al., Defendants.

No. C–1–90–802.

United States District Court,
S.D. Ohio, W.D.

May 6, 1992.

Gary Francis Franke, Lindhorst & Dreidame Co., Cincinnati, Ohio, for George Smith and Linda Smith.

Susan Joan Luken, John Matthew Kunst, Jr., Dinsmore & Shohl, Cincinnati, Ohio, for General Motors Corp.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' motion for summary judgment (doc. 11), the Plaintiffs' response (doc. 15), and the Defendants' reply (doc. 19). The Court held a hearing regarding the Defendants' motion on May 1, 1992.

The sole issue before this Court is whether the doctrine of the exhaustion of administrative remedies under a collective bargaining agreement precludes the Plaintiffs from continuing in their lawsuit. We conclude that it does not.

## BACKGROUND

General Motors Corporation ("GM") hired George Smith, an illiterate, in October 1965. Mr. Smith was a United Auto Workers ("UAW") member, and therefore the UAW–GM collective bargaining agreement controlled the terms and conditions of his employment with GM.

Mr. Smith worked as an hourly employee at GM's Norwood, Ohio plant until he was injured on the job in 1973. As a result, Mr. Smith was placed on authorized sick leave and retained all his rights to benefits under the collective bargaining agreement. In order to remain on authorized sick leave, Mr. Smith periodically had to provide medical evidence of his continuing disability.

In 1981, Mr. Smith received notification that his authorized sick leave had expired because he had failed to provide medical evidence of his continuing disability. Pursuant to the collective bargaining agreement, Mr. Smith contacted the UAW to file a grievance over his termination. The grievance was successful, and on February 2, 1984, Mr. Smith's seniority was reinstated. Subsequently, he received all the benefits to which he was entitled under the collective bargaining agreement.

On March 1, 1985, Mr. Smith's leave of absence again expired because he had failed to provide medical evidence of his continuing disability. GM notified Mr. Smith by registered mail that his leave of absence had expired. Despite this notification, Mr. Smith did not file the required grievance under the collective bargaining agreement as he had in 1981. However, Mr. Smith's wife telephoned the Personnel Department at GM and told the company that Mr. Smith was disabled and unable to work. The GM employee told Mrs. Smith that "... he would take care of it." *Deposition of Linda Mae Smith*, at 16; *Deposition of George Smith*, at 34. The GM employee further promised to send Mr. Smith the relevant forms regarding his leave of absence. Those forms never arrived, according to the Smiths. *George Smith Dep.*, at 34.

Mr. Smith never provided GM with the required information about his continuing disability. Consequently, GM terminated Mr. Smith's seniority and cut off Mr. Smith's various benefits.[1] The Smiths, as a result, brought suit in state court to recover health, disability, and pension benefits. The Defendants removed the matter to this Court because the benefits sought by the Plaintiffs are "employee benefits" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (1991).

## STANDARD OF REVIEW

■ The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be

---

1. GM summarizes Mr. Smith's failure to exhaust his administrative remedies as follows:
   "No grievance filed under collective bargaining agreement.
   No appeal of denial of health benefits under Health Plan.
   No appeal of denial of disability benefits under Disability Plan.
   No appeal of denial of pension benefits under Pension Plan."
   Defendants' Reply, doc. 19, at 2.

tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

## DISCUSSION

A lawsuit grounded in a collective bargaining agreement may not be brought if the plaintiff has not first exhausted the internal grievance and arbitration procedures of the collective bargaining agreement. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965) ("... federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress.") (emphasis in original). Likewise, a plaintiff under ERISA must first utilize the relevant plan's appeal procedures before bringing suit. *Mason v. Continental Group*, 763 F.2d 1219, 1226–27 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986); *Kross v. W. Elec. Co.*, 701 F.2d 1238, 1244–45 (7th Cir.1983). Courts have adopted the doctrine of exhaustion of administrative remedies in order to facilitate "... private as opposed to judicial resolution of disputes over collective bargaining agreements...." *Miller v. Gen'l Motors Corp.*, 675 F.2d 146, 148 (7th Cir.1982) (regarding exhaustion of internal union appeals prior to § 301(a) suit).

The collective bargaining agreement between the UAW and GM requires that a union member must first file a grievance over a termination prior to filing a lawsuit. Mr. Smith did not file a grievance in 1985, despite filing this exact type of grievance in 1981, when GM informed Mr. Smith that he was no longer on authorized sick leave. Therefore, GM argues that the Smiths' lawsuit should be dismissed because "... Plaintiffs inexcusably failed to ... use the available remedies to dispute the denial of benefits before bringing suit...." Defendant's Motion for Summary Judgment, doc. 11, at 12. In response, the Plaintiff responds that "[t]here are genuine issues of material fact as to whether George Smith *attempted* to exhaust administrative remedies allegedly available to him...." Plaintiff's Response, doc. 15, at 7 (emphasis in original).[2]

---

**2.** The Plaintiffs fail to cite any cases in support of the thrust of their argument.

Thus, we must resolve whether the doctrine of the exhaustion of administrative remedies mandates summary judgment. Indisputably, Mr. Smith did not follow the procedures set out in the collective bargaining agreement between the UAW and GM. However, the Plaintiffs allege that after Mr. Smith received notice that his leave of absence had expired and that he had to return to work, Mrs. Smith called GM to explain her husband's predicament. A member of the Personnel Department told Mrs. Smith that "... he would take care of it." *Linda Mae Smith Dep.*, at 16; *George Smith Dep.*, at 34.

Our parent court, the United States Court of Appeals for the Sixth Circuit has stated that "[f]ailure to exhaust internal procedures is excused when an employer's conduct amounts to a repudiation of the contractual procedures...." *Anderson v. Ideal Basic Indus.*, 804 F.2d 950, 952 (6th Cir.1986) (citations omitted); *see also Garcia v. Hudson Lumber Co.*, 679 F.Supp. 961 (N.D.Cal.1987) (employee may obtain judicial review when the employer has repudiated the grievance procedure); *Evans v. Central Georgia R. Co.*, 619 F.Supp. 1364 (N.D.Ga.1985) (unnecessary to exhaust administrative remedies if employer's conduct effectively repudiates those remedies).

In the matter before this Court, a genuine question of material fact arises as to whether GM's conduct amounted to a repudiation or waiver of the procedures set forth in the collective bargaining agreement. In other words, when a member of the GM Personnel Department told Mrs. Smith that "... he would take care of it," there is a factual question as to whether the requirement of exhaustion of administrative remedies under the collective bargaining agreement is still in effect for Mr. Smith.[3]

CONCLUSION

Therefore, as there is a genuine dispute as to the material facts, the Defendants' motion for summary judgment is denied.

SO ORDERED.

---

3. The Defendants contend that Mr. Smith knew that he was required to file a grievance, because he had successfully pursued a grievance in 1981 when GM informed Mr. Smith that his authorized sick leave had expired. However, the evidence indicating that Mr. Smith knew that he was required to file a grievance is for the jury to weigh, not for the Court to resolve on a motion for summary judgment.