George SMITH, et al., Plaintiffs,

v.

GENERAL MOTORS CORP.,
et al., Defendants.

No. C–1–90–802.

United States District Court,
S.D. Ohio, W.D.

Dec. 8, 1992.

Gary Francis Franke, Lindhorst & Dreidame, Cincinnati, OH, for plaintiffs.

Susan Joan Luken, John Matthew Kunst, Jr., Dinsmore & Shohl, Cincinnati, OH, for defendants.

### ORDER GRANTING MOTION TO RECONSIDER

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Motion for Reconsideration

(doc. 33), the Plaintiffs' Response (doc. 34), and the Defendants' Reply (doc. 35).

## BACKGROUND

General Motors Corporation ("GM") hired George Smith in October 1965. Mr. Smith is illiterate. Mr. Smith was a United Auto Workers ("UAW") member, and therefore the UAW–GM collective bargaining agreement controlled the terms and conditions of his employment with GM.

Mr. Smith worked as an hourly employee at GM's Norwood, Ohio plant until he was injured on the job in 1973. As a result, Mr. Smith was placed on authorized sick leave and retained all his rights to benefits under the collective bargaining agreement. In order to remain on authorized sick leave, Mr. Smith periodically had to provide medical evidence of his continuing disability.

In 1981, Mr. Smith received notification that his authorized sick leave had expired because he had failed to provide medical evidence of his continuing disability. Under the collective bargaining agreement, Mr. Smith contacted the UAW to file a grievance over his termination. The grievance was successful, and on February 2, 1984, Mr. Smith's seniority was reinstated. Subsequently, he received all the benefits to which he was entitled under the collective bargaining agreement.

On March 1, 1985, Mr. Smith's leave of absence again expired, because he had failed to provide medical evidence of his continuing disability. GM notified Mr. Smith by registered mail that his leave of absence had expired. Despite this notification, Mr. Smith did not file the required grievance under the collective bargaining agreement as he had in 1981. However, Mr. Smith's wife telephoned the Personnel Department at GM and told the company that Mr. Smith was disabled and unable to work. The GM Employee told Mrs. Smith that "... he would take care of it." *Deposition of Linda Mae Smith*, at 16; *Deposition of George Smith*, at 34. The GM employee further promised to send Mr. Smith the relevant forms regarding his leave of absence. Those forms never arrived, according to the Smiths. *George Smith Dep.*, at 34.

Mr. Smith never provided GM with the required information about his continuing disability. Consequently, GM terminated Mr. Smith's seniority and cut off Mr. Smith's various Benefits. The Smiths, as a result, brought suit in state court to recover health, disability, and pension benefits. The Defendants removed the matter to this Court because the benefits sought by the Plaintiffs are "employee benefits" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (1991).

## DISCUSSION

This Court denied GM's motion for summary judgment, 791 F.Supp. 701, because there was a genuine dispute as to the material facts. The Court concluded that a factual question existed as to whether the Personnel Department employee's statement that "... he would take care of it" amounted to a repudiation by GM of the formal grievance procedures. Such a repudiation would excuse Mr. Smith's failure to exhaust his administrative remedies.

GM presently has moved that the Court reconsider its Order and grant GM's Motion for Summary Judgment. GM contends that, as a matter of law, the GM employee's conversation with Mrs. Smith can not constitute a repudiation by GM. Mr. Smith's Response relies upon the Court's reasoning in its previous Order. Mr. Smith also repeats his claim from Count Three of his Amended Complaint (doc. 10) that the UAW breached its duty of fair representation, thus excusing his failure to exhaust his administrative remedies.

█ Generally, an employee who brings a dispute grounded in a collective agreement must first exhaust his administrative remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); *Mason v. Continental Group*, 763 F.2d 1219, 1226–27 (11th Cir. 1985) (applying rule to ERISA cases). The Supreme Court has, however, recognized exceptions to this rule. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842

(1966). One exception is "when the conduct of the employer amounts to a repudiation of those contractual procedures." *Id.* at 185, 87 S.Ct. at 914 (citations omitted); *accord Anderson v. Ideal Basic Indus.,* 804 F.2d 950, 952 (6th Cir.1986) (citations omitted). A second exception exists when "the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if ... the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914 (emphasis in original).

 Mr. Smith claims that his wife's telephone conversation with an employee in the Personnel Department amounts to a repudiation by GM. The United States Court of Appeals considered a similar case in *Beck v. Borden, Inc.,* Case No. 84–3621, 1986 WL 16817 (6th Cir. April 30, 1986) (LEXIS, Genfed library).[1] The plaintiff-employee in *Beck* contacted a supervisor when he learned there were problems with his pension. *Id.* at *2. The supervisor assured him "that the matter would be resolved." *Id.* The Sixth Circuit concluded that the supervisor's assurance to the plaintiff-employee did not constitute the employer's repudiation of the contract procedures because the employer "received no grievances...." *Id.* at *3. Similarly, in the case before the Court, when a GM employee assured Mrs. Smith that "... he would take care of it," GM did not repudiate the contract as a matter of law.

Mr. Smith's second assertion is that the UAW breached its duty of fair representation. Under the second exception announced in *Vaca,* Mr. Smith argues that the UAW's breach of its duty excuses his failure to exhaust administrative remedies. However, the second exception in *Vaca* is limited to those situations in which the "union has *sole* power under the contract to invoke the higher stages of the grievance procedure." *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914 (emphasis added);

*accord Atkins v. Louisville and Nashville R. Co.,* 819 F.2d 644, 650 (6th Cir.1987). In the case before the Court, Mr. Smith was able to invoke the grievance procedures himself. In fact, he invoked the grievance procedures himself in 1981. Therefore, the second exception recognized in *Vaca* does not apply.

 In conclusion, upon reconsidering its Order, the Court concludes that Mrs. Smith's telephone conversation was not a repudiation of the formal grievance procedures by GM as a matter of law. Also, the alleged breach of the duty of fair representation by the UAW is not sufficient to excuse Mr. Smith's failure to exhaust his administrative remedies.

## CONCLUSION

Accordingly, the Defendants' Motion to Reconsider is granted reluctantly, and the Plaintiffs' case is dismissed with prejudice with regard to GM.

SO ORDERED.

---

1. Neither party brought the *Beck* case to this Court's attention. After GM filed its Motion for Reconsideration, the Court conducted further research in the area and discovered the *Beck* case.