25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George C. SMITH; Linda Smith, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION; International Union United
Automobile, Aerospace & Agricultural Implement
Workers of America, Local 674,
Defendants-Appellees
 No. 93-3323.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 George and Linda Smith[1] appeal district court orders granting summary judgment to General Motors Corporation ("GM") and to the United Auto Workers (the "UAW"). The underlying suit is a hybrid Sec. 301 labor claim, in which the Smiths (1) charge GM with terminating Smith and cancelling the Smiths' health and disability insurance and pension benefits in violation of GM-UAW collective bargaining agreements, and (2) charge the UAW with violating its duty of fair representation by failing to file a grievance on Smith's behalf. We affirm both orders.
 
 
 2
 George Smith worked as an hourly employee at GM's Norwood, Ohio plant from October 1965 until August 1973. Throughout his employment, Smith was a member of Local 674 of the UAW. In August 1973, he suffered an industrial injury for which he received workers' compensation. Smith was placed on sick leave, which preserved all his rights and benefits but required him periodically to provide medical evidence of his continuing disability. He never worked again.
 
 
 3
 In July 1981, Smith received notification from GM that his leave of absence had expired and he had been terminated because he had failed to provide medical evidence of his continuing disability. Smith filed a grievance challenging his termination. The grievance was successful, and on February 2, 1984, Smith was restored to authorized sick leave and to his seniority.
 
 
 4
 On March 13, 1985, Smith again received notice from GM that he had been terminated because his medical proof of continuing disability had lapsed. The 1985 notification was substantially similar to the 1981 notification.
 
 
 5
 This time, Smith did not file a grievance. Instead, his wife Linda called the Personnel Department at GM to advise the company that her husband was disabled and could not report to work. According to Linda, a GM employee advised her that "he would take care of it" and would also send Smith the relevant forms regarding his leave of absence. The forms never arrived, and Smith never submitted the necessary forms to update his disability record.
 
 
 6
 Later in the year, Smith asked the President of Local 674 to file a grievance on his behalf. The President told Smith that he could not do so but that he would appoint a "committeeman" to take care of the situation. However, no committeeman was ever appointed. The Norwood plant shut down in late 1987, and Local 674 no longer represented anyone at that site. Smith communicated with Local 674 and the International Union repeatedly between 1988 and 1991, including over 100 telephone calls. On December 14, 1989, Ed Brohard, a representative of the International Union, wrote Smith that "due to the fact there is no longer a local union or a plant for you to return to, there is no means for a grievance to be filed." Smith never appealed this failure to file a grievance on his behalf to the UAW's Public Review Board.
 
 
 7
 On October 30, 1990, Smith brought this action in state court against GM, to recover his health, disability, and pension benefits. GM removed the case to federal district court because the benefits sought by the Smiths are "employee benefits" within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. Secs. 1001 et seq. On January 22, 1992, the district court granted Smith's motion to amend his complaint to add allegations against the UAW for breach of its duty of fair representation by virtue of the union's failure to file a grievance on his behalf.
 
 
 8
 In affirming the grants of summary judgment in this case, we adopt the district court's reasoning from its two orders of December 8, 1992 and March 1, 1993. We summarize that reasoning here.
 
 
 9
 An employee who brings a suit grounded in a collective bargaining agreement must first exhaust his administrative remedies. The Supreme Court has set out two circumstances in which an employee is excused from this duty: (1) if the employer repudiates the contractual procedures, Vaca v. Sipes, 386 U.S. 171, 185 (1967); and (2) if "the union has sole power under the contract to invoke the higher stages of the grievance procedure" and has "prevented [the employee] from exhausting his contractual remedies" by wrongfully refusing to file a grievance on his behalf, id.
 
 
 10
 We agree with the district court that since GM never received a grievance from Smith in regard to the 1985 termination, it could not have repudiated the grievance procedure. Smith brings forth no evidence of bad faith on GM's part, and the assurances of one employee in the GM Personnel Department cannot excuse Smith from following the procedures provided for in the collective bargaining agreements. The district court relied on language to this effect in Beck v. Borden, Inc., No. 84-3621, 1986 WL 16817 (6th Cir. April 30, 1986) (per curiam). This unpublished opinion has no precedential weight but we find its reasoning persuasive. Smith clearly understood the grievance procedure, and he had evidence that GM had abided by it in the past: Smith himself had faced identical circumstances after the 1981 termination and had successfully used the procedure to gain his reinstatement.
 
 
 11
 As to the second exception, the district court found that the UAW did not have sole power to file a grievance. Since Smith invoked the procedure for himself in 1981, he could have done so again in 1985. Thus neither Vaca exception applies, and summary judgment as to GM was proper because Smith failed to exhaust his administrative remedies.
 
 
 12
 With regard to the UAW, we believe the district court correctly granted summary judgment because Smith's suit was time-barred under the applicable statute of limitations. As the court stated below, the statute of limitations for a claim that a union has breached its duty of fair representation is six months, and that period begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts giving rise to the cause of action. Under Sixth Circuit precedent, this point is measured from the moment when the union first informs a member that it will not intervene on the member's behalf. McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1237 (6th Cir.1987). The fact that a member continues to pursue help from the union does not toll the limitations period. Fox v. Parker Hannifin Corp., 914 F.2d 795, 803-04 (6th Cir.1990).
 
 
 13
 The district court found that the date on which Smith knew or should have known that the UAW would not help him was, at the latest, the day of his receipt of Ed Brohard's letter of December 14, 1989. Since this determination was reasonable, and since Smith's continuing discussions with the union are irrelevant to the triggering of the statute of limitations, the six-month period for filing a claim expired long before Smith added the UAW to his suit in January of 1992.
 
 
 14
 Accordingly, we AFFIRM the two grants of summary judgment in this case for the reasons stated by the district court.
 
 
 
 [1]
 Linda Smith's suit is entirely derivative of her husband George's