**Alban V. STUMPF, Plaintiff,**

v.

**CINCINNATI, INC., Defendant.**

No. C–1–93–250.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 13, 1994.

**594**

Randolph Harry Freking, Freking & Betz, Cincinnati, OH, for plaintiff.

Charles Matthew Roesch, Dinsmore & Shohl, Cincinnati, OH, for defendant.

### *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE*

SPIEGEL, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 24), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (doc. 28), Defendant's Reply Memorandum in Support of its Motion for Summary Judgment (doc. 30), Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment (doc. 35), and Defendant's Supplemental Memorandum in Support of its Motion for Summary Judgment and in Response to Plaintiff's Supplemental Memorandum (doc. 40).

### BACKGROUND

Plaintiff, Alban V. Stumpf, filed this suit on March 24, 1993 in the Hamilton County Court of Pleas alleging, among other things, age discrimination and ERISA violations. The case was then removed to the United States District Court for the Southern District of Ohio on April 19, 1993. The case is presently before this Court on Defendant's Motion for Summary Judgment regarding the remaining claims of state age discrimination (based upon Ohio Rev.Code § 4112.02), federal age discrimination (based upon the Age Discrimination in Employment Act of 1967, hereinafter "ADEA"), and an alleged ERISA violation.

Plaintiff Alban V. Stumpf is a 64–year old man who was employed by the Defendant, Cincinnati Incorporated, for 44 years prior to the termination of his employment on March 25, 1992. Mr. Stumpf was a Senior Sales Administrator when he was let go. For many years, Mr. Stumpf received high praise and did excellent work for his corporation. Prior to his termination, however, Mr. Stumpf engaged in activities that were banned by company policies. Primarily, Mr. Stumpf along with two other employees, Paul Resendes (age 28 at time of firing) and Craig Summers (age 37 at time of firing), were setting up, networking and soliciting a private network marketing business venture (hereinafter "Amway"), while working for the Defendant. Several employees complained of this behavior and alleged it was effecting the work product of many people in the work place. The president of Cincinnati Incorporated investigated these activities and met with the Plaintiff and several other employees. After resolving that the Plaintiff's activities violated several of the company's office rules, the president terminated the employment of Mr. Stumpf, Mr. Resendes and Mr. Summers. The office rules specifically provide that the employer can "terminate an employee with or without cause and with or without notice" in its sole discretion. Furthermore, the office rules allow the Defendant to use progressive discipline, but in no way require it. Upon being fired, Mr. Stumpf filed this lawsuit.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

■ "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The judge's function is not to weigh the evidence and determine who has presented the stronger case, but rather solely to determine whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (internal citations omitted).

## DISCUSSION

### 1. Plaintiff's Federal and State Age Discrimination Claims.

■ "The *McDonnell Douglas/Burdine* formula is the evidentiary formula applicable not only to claims brought under Title VII, but also claims under ADEA [and] to claims of discrimination under Ohio state law ..." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (internal citations omitted) (citing *In re Brantley,* 34 Ohio App.3d 320, 518 N.E.2d 602 (1987)). Therefore, both the state and federal age discrimination claims can be analyzed under the *McDonnell Douglas/Burdine* approach.[1]

■ According to the *McDonnell Douglas/Burdine* approach the burden is on the Plaintiff to establish a *prima facie* case of age discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The Plaintiff can establish a *prima facie* case of discrimination by showing: 1) he was a member of a protected class; 2) he was discharged; 3) he was qualified for the position; and 4) he was replaced by a person outside of the class. *Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 940 (6th Cir.1987) (applying *McDonnell Douglas* to the age discrimination context). The Plaintiff must establish this by a preponderance of the evidence. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1159 (6th Cir.1990) (citing *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824). If the Plaintiff can show his *prima facie* case, then the burden shifts to the Defendant to "articulate some legitimate nondiscriminatory reason for the employee's [termination]." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. "Finally, should the employer carry this burden, the plaintiff then must prove by a preponderance of the evidence 'that the legitimate reasons offered by the [employer] were not its true reasons, but were a pretext for discrimination.' " *McDonald,* 898 F.2d at 1160. This means that the Plaintiff must show that

---

1. In the alternative to this standard of evidence, the Plaintiff can always present direct evidence of discrimination. *Terbovitz v. Fiscal Court of Adair County,* 825 F.2d 111, 115 (6th Cir.1987). "Of course, if the district court does not believe the plaintiff's proffered direct evidence, then the evidentiary framework of *McDonnell Douglas* is the proper mode of analysis." *Id.* at 115 n. 3 (citing *Blalock v. Metals Trades, Inc.,* 775 F.2d 703, 707–708 (6th Cir.1985)). Because Plaintiff has failed to present any direct evidence of discrimination, *McDonnell Douglas* is the proper mode of analysis in this case.

the presumptively valid reasons for his discharge were a cover up. *Id.* (citing *McDonnell Douglas,* 411 U.S. at 805, 93 S.Ct. at 1825–26).

a. Plaintiff has established a *prima facie* case of age discrimination under the *McDonnell Douglas/Burdine* framework.

■ Application of this standard to the present case shows that Mr. Stumpf has established a *prima facie* case of age discrimination. Mr. Stumpf was a member of a protected class, 62 years old, *McDonald,* 898 F.2d at 1160 (Protected class ranges from age 40 to 70.), when he was discharged. Therefore, Mr. Stumpf has satisfied the first and second prongs of the test.

Additionally, Mr. Stumpf must show that he was qualified for the position and that he was replaced by a member outside of the class. *Simpson,* 823 F.2d at 940. "In order to show that he was qualified [Mr. Stumpf] must show that he was performing his job 'at a level which met his employer's legitimate expectations.'" *Id.* (quoting *Huhn v. Koehring,* 718 F.2d 239, 243 (7th Cir.1983)). Mr. Stumpf worked for the Defendant for 44 years and received high praise and did excellent work for his corporation. The Defendant admitted that prior to the time of Mr. Stumpf's termination he was a good employee. Therefore, Mr. Stumpf has satisfied the third prong of the test. Mr. Stumpf's replacement was 39 years old, and thus, Mr. Stumpf has presented a *prima facie* case of age discrimination.

b. Although the Plaintiff has established a *prima facie* case, he has provided no evidence that the Defendant's legitimate reasons for terminating his employment were a cover up of discriminatory purposes.

■ Although the Plaintiff can establish a *prima facie* case of age discrimination, he has not shown that the Defendant's asserted legitimate reasons for terminating his employment were a pretext to cover up age discrimination. Once the Defendant has articulated a legitimate reason for the discharge the burden is on the Plaintiff to establish the professed reason was pretextual, otherwise he can not survive summary judgment. *Mitchell,* 964 F.2d at 584. The com-

pany dismissed the Plaintiff, Mr. Resendes, 28, and Mr. Summers, 37, on the same day for their activities involving Amway. The Defendant did not distinguish between the three employees, but rather dismissed all three for violating the same office rules. Plaintiff's allegations that the Defendant discriminated by firing him are unsupported by factual evidence, and allegations alone are not enough to establish evidence of discrimination. *Simpson v. Midland–Ross Corporation,* 823 F.2d 937, 941 (6th Cir.1987) ("[M]ere conclusory allegations do not suffice to prove intentional discrimination based upon age."); *see also Jones v. Lewis,* 874 F.2d 1125, 1128 (6th Cir.1989) ("[F]actually unsupported allegations ... were insufficient to withstand a motion for summary judgment.").

Additionally, this Court is in no position to second guess the judgment of Mr. Stumpf's supervisors. *McDonald,* 898 F.2d at 1160 (The aim of the courts is not to "review bad business decisions, or question the soundness of an employer's judgment.") The company investigated and found that Mr. Stumpf was violating company policy, and thus, found it necessary to terminate his employment. In his deposition, Mr. Stumpf conceded that he was networking for Amway while on company time. Therefore, Cincinnati Incorporated had legitimate reasons to believe he was not qualified and no genuine issue of fact remains for this Court to resolve.

Finally, in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment he filed an affidavit. That affidavit was considered here to the extent it was consistent with Plaintiff's deposition testimony. Any inconsistencies were interpreted in favor of what the Plaintiff said in his deposition. "[I]t is 'accepted precedent' that after a motion for summary judgement has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting earlier deposition testimony." *Davidson & Jones Dev. v. Elmore Dev.,* 921 F.2d 1343, 1352 (6th Cir.1991) (citing *Gagne v. Northwestern Nat. Ins. Co.,* 881 F.2d 309, 315 (6th Cir.1989) and *Laborers' Pension Trust Fund v. Weinberger Homes,* 872 F.2d 702 (6th Cir.1988)). Ac-

cordingly, we GRANT Defendant's Motion for Summary Judgment with regards to the state and federal age discrimination claims.

## 2. Plaintiff's ERISA Violation Claim.

The Plaintiff claims that the Defendant also fired him to avoid Plaintiff's full pension benefits from vesting. The Defendant has moved to dismiss because the Plaintiff did not exhaust all of his administrative remedies.

a. Exhaustion of Administrative Remedies.

██ The Plaintiff has brought this action under section 510 of ERISA which provides:

> [It is unlawful] for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Act....

29 U.S.C. § 1140. Congress enacted this section to stop employers from discharging or harassing their employees in order to stop the employees from obtaining their statutory based rights. *West v. Butler,* 621 F.2d 240, 244–46 (6th Cir.1980).

An issue exists as to whether the Plaintiff must first exhaust his administrative remedies before bringing this action. The Sixth Circuit is yet to address this question. In *Baxter v. C.A. Muer Corp.,* 941 F.2d 451 (6th Cir.1991), the Sixth Circuit held that it was within the sound discretion of the trial court to determine whether exhaustion was necessary where the terms of a benefit plan needed to be clarified under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). This decision, however, did not decide whether one must exhaust administrative remedies when bringing an action to assert rights granted by the federal statute, rather than enforcing terms of a plan. 29 U.S.C. § 1132(a)(3); ERISA § 502(a)(3). The other Circuits that have addressed this issue are split. *Kross v. Western Electric Co.,* 701 F.2d 1238 (7th Cir.1983) (affirming district court decision requiring Plaintiff to exhaust administrative remedies); *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir.

1985) *cert. denied* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986) (requiring exhaustion for claims grounded in statutory provisions of ERISA); *but see Zipf v. American Tel. and Tel. Co.,* 799 F.2d 889 (3d Cir.1986) (holding that section 510 of ERISA mandates interpretation of the statute and should be done by federal courts); *Amaro v. Continental Can Co.,* 724 F.2d 747 (9th Cir.1984) (holding exhaustion of administrative remedies not required prior to bringing statutory claim under ERISA); *Curry v. Contract Fab. Inc. Profit Sharing Plan,* 891 F.2d 842 (11th Cir.1990) (holding *Mason* did not take away discretion from district court to allow suit without exhaustion of administrative remedies). Because it appears that when deciding whether a company has violated statutory provisions of ERISA under section 510, exhaustion of administrative remedies is not beneficial, we hold that exhaustion is not necessary in this case. ,

In *Zipf* the Third Circuit persuasively explained why exhaustion of administrative remedies is not necessary nor proper when determining whether statutory provisions have been violated. They said:

> When a plan participant claims that he or she has unjustly been denied benefits, it is appropriate to require participants first to address their complaints to the fiduciaries to whom Congress, in Section 503, assigned the primary responsibility. This ensures that the appeals procedures mandated by Congress will be employed, permits officials of benefit plans to meet the responsibilities properly entrusted to them, encourages the consistent treatment of claims for benefits, minimizes the costs and delays of claim settlement in a nonadversarial setting, and creates a record of the plan's rationales for denial of the claim.... However, when the claimant's position is that his or her federal rights guaranteed by ERISA have been violated, these considerations are simply inapposite. Unlike a claim for benefits brought pursuant to a benefits plan, a section 510 claim asserts a statutory right which plan fiduciaries have no expertise in interpreting. Accordingly, one of the primary justifications for an exhaustion requirement in other contexts, deference to administrative ex-

pertise is simply absent. Indeed, there is a strong interest in judicial resolution of these claims, for the purpose of providing a consistent source of law to help plan fiduciaries and participants predict the legality of proposed actions. Moreover, statutory interpretation is not only the obligation of the courts, it is a matter within their particular expertise.

*Zipf,* 799 F.2d at 892–93 (internal citations omitted). Furthermore, the Supreme Court has upheld the non-exhaustion requirement in analogous statutory schemes. In *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 57, 94 S.Ct. 1011, 1024, 39 L.Ed.2d 147 (1974), the Supreme Court held that a prior "binding" arbitration decision on a race discrimination claim under Title VII did not bar that person from bringing that same claim before the federal courts. *See also Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 745, 101 S.Ct. 1437, 1447, 67 L.Ed.2d 641 (1981) (extending the *Alexander* holding to hold that exhaustion of arbitration is not a prerequisite to enforcement of statutory rights under the Fair Labor Standards Act).

 While the trial court can retain jurisdiction over the Section 510 claim, if it is so closely intertwined with a serious issue requiring interpretation of a benefit plan that a trial court could properly stay the statutory action pending resolution of an issue by the plan fiduciaries, then it remains in the trial court's discretion to do so. *See Amaro v. Continental Can Co.,* 724 F.2d 747, 752 (9th Cir.1984). In this case, the Plaintiff brought a section 510 action claiming that the Defendant fired him in order to prevent his pension plan from fully vesting. Because the action is under section 510 of ERISA and no interpretation of the benefit plan is required, we believe that exhaustion of administrative remedies is not necessary. Therefore, we believe the claim is properly in front of this Court.

b. Defendant's Summary Judgment Motion.

In the alternative, the Defendant moved for summary judgment and the Plaintiff has not responded. Plaintiff asserted in his complaint that the Defendant violated ERISA by terminating him to prevent him from fully vesting in the pension plan, but admitted in his deposition that the plan vested in the 1950's. Plaintiff, however, also claims that the full benefits of the plan do not vest until he retires, and thus, alleges that the Defendant fired him to deny him the full benefits of the plan.

 The Sixth Circuit has adopted the *Burdine* approach used above in ERISA actions. *See Humphreys v. Bellaire Corp.,* 966 F.2d 1037, 1043 (6th Cir.1992). Therefore, to avoid summary judgment on a section 510 claim, "a plaintiff must show the existence of a genuine issue of material fact that there was: '(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right which the employee may become entitled.' " *Id.* (citing *Gavalik v. Continental Can Co.,* 812 F.2d 834, 852 (3d Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987)). Furthermore, the Sixth Circuit has noted that in order for Mr. Stumpf to show he was discharged in violation of section 510, he "must show that an employer had a *specific intent* to violate ERISA." *Rush v. United Technologies, Otis Elevator Div.,* 930 F.2d 453, 457 (6th Cir.1991) (emphasis added). Mr. Stumpf does not need to show that the "sole purpose in discharging him was to interfere with his pension benefits, but rather that it was a motivating factor in the decision." *Humphreys,* 966 F.2d at 1043. "If the plaintiff proves a *prima facie* case as set forth above, it is the employer's burden to 'introduce admissible evidence of a legitimate, nondiscriminatory reason for its challenged action.' " *Id.* (quoting *Gavalik,* 812 F.2d at 853).

 As noted above, Mr. Stumpf has failed to show that the Defendant engaged in any improper conduct. Therefore, Mr. Stumpf has failed to present a *prima facie* case, or show any specific intent on the part of the Defendant to deny Mr. Stumpf his pension benefits. Even if Mr. Stumpf could present a *prima facie* case, he has failed to present any evidence that Defendant's actions were a pretext for ERISA violations. The Defendant presented a legitimate reason

for firing Mr. Stumpf, specifically that he was violating office rules by soliciting and networking for another company while working at the Defendant's office. Mr. Stumpf has presented no evidence to show that these reasons were pretextual. Mr. Stumpf's sole evidence that the Defendant's fired him to deny him ERISA benefits was that the Defendant was losing money in the year they fired him. The Sixth Circuit has held that savings to an employer from the firing cannot be the basis for a valid ERISA/discharge claim. *Id.*

> [The Plaintiff] tries to save his claim by citing statements that [the Defendant] sought to meet its 'financial need' by terminating him, and that financial need necessarily includes pension costs. [Plaintiff's] suggestion that [Defendant] acted illegally because it acted to save money proves too much. Under that reasoning, any actions by an employer that result in savings would be suspect. It is obvious that benefit costs make up a large amount of costs of an employee to a company, and that pension rights are a substantial component of benefit costs, but these undeniable propositions are not sufficient standing alone to prove the requisite intent by path of pretext.

*Id.* at 1044 (quoting *Corkright v. Westinghouse Elec. Corp.,* 933 F.2d 231, 239 (4th Cir.1991)). Mr. Stumpf's evidence that the Defendant was losing money does not show that Defendant fired him to avoid ERISA obligations, and thus, Mr. Stumpf has failed to show any evidence that Defendant's reasons were a pretext for denying him his ERISA benefits.

Because Mr. Stumpf was unable to present a *prima facie* case that the Defendant fired him to avoid ERISA obligations, and could not even rebut Defendant's legitimate reasons for the termination of employment, we GRANT Defendant's Motion for Summary Judgment.

## CONCLUSION

Accordingly, we hereby GRANT Defendant's Motion for Summary Judgment regarding the alleged state age discrimination claim, federal age discrimination claim, and

ERISA violation, and thus, DISMISS the case.

SO ORDERED.