**Vanessa WORTHAM, Plaintiff,**

v.

**INTEGRATED HEALTH SERVICES Defendant.**

**No. 3:02CV7474.**

United States District Court, N.D. Ohio, Western Division.

Feb. 13, 2004.

Sol Zyndorf, Zyndorf & Saum, Toledo, OH, for Vanessa Wortham, Plaintiff.

Jan E. Hensel, Julie M. Young, Buckingham, Doolittle & Burroughs, Columbus, OH, for Integrated Health Services, IHS Facility Management Inc. dba Integrated Health Services, Defendants.

## ORDER

CARR, District Judge.

This is an employment discrimination case in which the plaintiff, Vanessa Wortham, alleges that her employer, defendant Integrated Health Services, discriminated against her on the basis of her age and race. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Pending is defendant's motion for summary judgment. For the following reasons, defendant's motion shall be granted.

## BACKGROUND

The plaintiff, Vanessa Wortham, is a forty-eight year old, African–American fe-

male. She was employed by the Waterford Commons Nursing Center, which at all relevant times was owned by defendant Integrated Health Services ("IHS"). Waterford Commons is a skilled nursing facility. Throughout plaintiff's employment, she was a respiratory therapist. As a respiratory therapist, her primary duties included evaluating and providing timely and efficient care to patients with subacute respiratory care needs and accurately documenting treatments and procedures.

In early 2002, the respiratory therapy department at Waterford Commons was experiencing some serious problems. In the midst of these problems, the lead respiratory therapist position became vacant. A lead respiratory therapist directly supervises the other respiratory therapists, in addition to performing the normal functions of a respiratory therapist.

IHS posted the lead respiratory therapist position and three individuals were interviewed: plaintiff, Amy Kilpatrick, and Carol Donnelly. At the time, plaintiff was forty-eight years old, Ms. Kilpatrick was thirty-two years old, and Ms. Donnelly was fifty-five years old. Both Ms. Kilpatrick and Ms. Donnelly are Caucasian. The three candidates were interviewed by Lorry Tafoya, Director of Respiratory Therapy at a sister IHS facility, and Kathy Ade, Director of Rehabilitation at Waterford Commons and the supervisor of the respiratory therapy department.

On February 4, 2002, IHS awarded the lead respiratory therapist position to Ms. Kilpatrick. Ms. Kilpatrick was, however, terminated the following week because she could not satisfy the attendance requirements of the job. Consequently, Ms. Donnelly was given the lead respiratory therapist position.

Plaintiff alleges that her race and age played a role in the decision not to make her the lead respiratory therapist. Plaintiff believes that she was qualified for the position because of her past job performance. The EEOC issued a right to sue letter to plaintiff on June 25, 2002.

Defendant states that there were three primary qualifications for the position, and that the successful candidate had to show that she was: 1) a team player who could work well with other disciplines, especially nursing, 2) a leader, someone that the other respiratory therapists would follow and take direction from, 3) able and willing to enforce IHS rules. After plaintiff's interview, IHS alleges that it concluded that plaintiff did not possess the qualifications they were seeking in the individual who would be appointed to the position. Of the remaining candidates, IHS considered Ms. Kilpatrick to be the best candidate and Ms. Donnelly next best.

## STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is

some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In deciding the motion for summary judgment, the evidence of the non-moving party will be accepted as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## DISCUSSION

Plaintiff claims that IHS discriminated against her based on race and age in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq. Additionally, plaintiff claims that IHS discriminated against her based on race and age in violation of Ohio law, O.R.C. § 4112.02(A).

 The *McDonnell Douglas/Burdine* formula applies to claims under Title VII and the ADEA, *Laugesen v. Anaconda Co.*, 510 F.2d 307 (6th Cir.1975); *see also generally Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). It also applies to claims of discrimination under Ohio state law. *In re Brantley*, 34 Ohio App.3d 320, 518 N.E.2d 602 (1987); *see also Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir.1992).

Under *McDonnell Douglas/Burdine*, the plaintiff must either present direct evidence of discrimination or circumstantial evidence that would allow an inference of discriminatory treatment. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir.2003) (en banc). Where the plaintiff does not have direct evidence of discrimination, courts use a burden-shifting approach. The Supreme Court explained:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine*, 450 U.S. at 252–53, 101 S.Ct. 1089 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802, 804, 93 S.Ct. 1817).

### A. Prima Facie Case

To establish a prima facie case of discrimination under *McDonnell Douglas/Burdine*, the plaintiff must prove: 1) she was a member of a protected class, 2) she applied for and did not receive the position, 3) she possessed the qualifications for the position, and 4) a similarly-situated person not in the plaintiff's class received the position. *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d

921, 928 (6th Cir.1999) (citing *Mitchell v. Toledo Hospital,* 964 F.2d 577, 582–83 (6th Cir.1992)).

The prima facie requirement "is not onerous," *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089 and poses "a burden easily met." *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir.1987).

The Sixth Circuit has stated that

a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case. To do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination.

*Wexler,* 317 F.3d at 574. *See also Cline v. Catholic Diocese of Toledo,* 206 F.3d 651, 660–61 (6th Cir.2000) ("[W]hen assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating plaintiff.").

In the instant case, plaintiff easily meets her burden under the first two requirements for establishing a prima facie case. First, Wortham is a forty-eight year old African–American, and therefore is a member of the protected classes. Second, it is undisputed that Wortham applied for, but did not get, the promotion to the position of lead respiratory therapist.

■ Plaintiff has also proffered enough evidence to show that she was qualified for the position. She has extensive experience working as a respiratory therapist in several hospitals and facilities, attained an "above expectation" ranking on IHS performance evaluations, and received positive letters of recommendations stating that she is qualified to be a lead respiratory therapist. The defendants' assertion that plaintiff lacked competence does not defeat plaintiff's prima facie showing that she had the skill and experience to perform the lead respiratory therapist's duties.

■ Plaintiff also meets the final requirement, that a similarly-situated person not in the plaintiff's class received the position. Ms. Kilpatrick, a 32 year old Caucasian woman, received the position. Kilpatrick was similarly situated because she was interviewed by the same individuals who interviewed plaintiff. The fact that Ms. Kilpatrick was fired a week later and replaced by Ms. Donnelly, a fifty-five year old Caucasian woman, in the same protected class as plaintiff for the purposes of the age discrimination claim, is not enough to keep plaintiff from meeting her burden, at least with regard to the selection of Ms. Kilpatrick. .

## B. Legitimate, Non-discriminatory Reason for the Adverse Employment Action

Because Ms. Wortham has met her burden by proving a prima facie case, the burden shifts to IHS "to articulate some legitimate, nondiscriminatory reason" for not promoting plaintiff to the position of lead respiratory therapist. *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089. "It is important to note that the defendant need not prove a nondiscriminatory reason for not promoting [plaintiff], but need merely articulate a valid rationale." *Hartsel v. Keys,* 87 F.3d 795, 800 (6th Cir.1996).

Employers may articulate various reasons for their adverse employment actions. These reasons may either be based on subjective or objective evaluation processes. Objective evaluation involves the application of facts in a manner that is not distorted by personal feelings, prejudices, or interpretation. Subjective evaluation on the other hand is based on experience and knowledge that is peculiar to a particular individual. Attendance documenta-

tion and job performance evaluations are examples of objective evaluation. An employers' opinion concerning a particular employee's leadership skills is an example of a subjective evaluation. Defendant's reasons for choosing not to hire plaintiff, therefore, are subjective, as they were determined based on the interviewers' evaluation of her leadership skills and ability to follow IHS' rules.

Courts have noted that subjective evaluation processes intended to recognize merit provide readily available "mechanisms for discrimination". *See Grano v. Dep't of Dev. of Columbus*, 699 F.2d 836, 837 (6th Cir.1983); *Murphy v. Univ. of Cincinnati*, 72 Fed. Appx. 288, 2003 WL 21774157 (6th Cir.2003). The Supreme Court in *Burdine* stated that the articulated reasons must be "clear and specific" to rebut the prima facie case and must guarantee that the plaintiff will be afforded "a full and fair opportunity" to demonstrate pretext. 450 U.S. at 253, 256, 101 S.Ct. 1089. "[T]he legitimacy of the articulated reason for the employment decision is subject to particularly close scrutiny where the evaluation is subjective and the evaluators themselves are not members of the protected minority." *Grano*, 699 F.2d at 837.

■ The use of subjective criteria in evaluating articulated reasons is not per se illegal in rebutting a plaintiff's prima facie case. *Hedrick v. Western Reserve Care System*, 355 F.3d 444 (6th Cir.2004) (citing *Daniels v. Board of Educ. of Ravenna City Sch. Dist.*, 805 F.2d 203, 209 (6th Cir.1986)). The ultimate issue in each case is whether the subjective criteria were used to disguise discriminatory action.

An employer may properly require an applicant for a supervisory position to demonstrate that she can work well with others and have strong supervisory abilities. *Hale v. Cuyahoga County Welfare Department*, 891 F.2d 604, 607 (6th Cir. 1989) ("The district court also found that

Hanna was chosen ... because the defendants 'liked working with him, thought he was a good supervisor, and thought he interacted well with those in other agencies,' all of which are legitimate business reasons for his selection.").

■ Despite the subjective nature of defendant's reasons for declining to offer the lead respiratory therapist position to plaintiff, the defendant articulates legitimate, nondiscriminatory reasons for not promoting plaintiff; namely, that plaintiff was not a team player and a leader whom the other respiratory therapists would follow and would not enforce the defendant's rules. As a member of a team of health care professionals responsible for providing care to defendant's residents, the lead respiratory therapist must work well with other employees, especially nurses. The defendant properly could consider Ms. Wortham's past criticisms of the nursing staff as an indication that she might not have a good working relationship with respiratory therapists she would be supervising the nurses with whom she would be working.

IHS need not prove that plaintiff was in fact deficient in the three key qualifications IHS was looking for in a lead respiratory therapist. Defendant meets its burden by simply articulating legitimate, non-discriminatory reasons for not promoting plaintiff.

### C. Legitimate, Non-discriminatory Reason Was Not a Pretext for Discrimination

Defendant having articulated legitimate, nondiscriminatory reasons for its selection of the two other candidates, plaintiff has the burden of presenting evidence that would enable the jury to find that the articulated reasons were not defendant's real reasons, but are instead a pretext to conceal a discriminatory animus.

To establish that IHS' proffered reasons for not promoting her were pretextual,

plaintiff must show that IHS was more likely than not motivated by a discriminatory purpose or that IHS' proffered explanation is unworthy of belief. *Wixson v. Dowagiac Nursing Home,* 87 F.3d 164, 170 (6th Cir.1996). Plaintiff cannot establish pretext simply by claiming that the proffered reason is inaccurate. *See, e.g., Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir.2001).

Plaintiff has not established that IHS' articulated reasons for declining to promote her were a pretext for illegal discrimination. *See Gee v. Liebert Corp.,* 58 Fed. Appx. 149, 156, 2003 WL 343251 (6th Cir. 2003) ("While ... [plaintiff] has at least raised a genuine issue regarding his qualifications, there is still a substantial gap between proving that he was among a number of qualified candidates for the job and proving that the reason he did not get the job was race discrimination.").

Plaintiff's unsubstantiated allegation of disparate treatment in her charge of discrimination with the EEOC is insufficient to demonstrate that IHS' failure to promote her was caused by race or age discrimination. Plaintiff provides no other evidence that IHS' legitimate reasons for not promoting plaintiff were pretextual.

For these reasons, Wortham has not established that IHS' non-discriminatory reasons for failing to offer her the job of lead respiratory therapist were a pretext for discrimination.

## CONCLUSION

It is, therefore,

ORDERED THAT Integrated Health Services' motion for summary judgment be, and the same hereby is, granted.

So ordered.