Ricky ANDERSON, Plaintiff,

v.

YOUNG TOUCHSTONE COMPANY,
Defendant.

No. 09–01176–JDB–egb.

United States District Court,
W.D. Tennessee,
Eastern Division.

July 2, 2010.

Michael J. Wall, Branstetter Stranch & Jennings, PLLC, Nashville, TN, for Plaintiff.

James L. Holt, Jr., Jackson Shields Yeiser Holt Speakman & Lucas, Memphis, TN, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

EDWARD G. BRYANT, United States Magistrate Judge.

Before this Court is Plaintiff Ricky Anderson's Motion to Amend filed on March 23, 2010 [D.E. 18]. This motion was referred to the Magistrate Judge for determination on March 24, 2010 [D.E. 19]. Defendant Young Touchstone Company filed a Response in Opposition on April 2, 2010 [D.E. 20]. For the reasons stated herein, Plaintiff's motion is GRANTED.

### PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on August 19, 2009 [D.E. 1]. Defendant answered on September 30, 2009, denying Plaintiff's claims [D.E. 7]. The Rule 16(b) Scheduling Order originally set February 26, 2010 as the deadline date for amended pleadings by Plaintiff [D.E. 11]. In the Joint Motion to Modify Scheduling Order [D.E. 15], the parties stated, "[d]ue to a minor delay in the discovery process, Mr. Anderson will have difficulty evaluating and submitting an amendment within that time frame." Because it was the impetus for the parties' joint motion, an eventual proposed amendment by Plaintiff should have been anticipated by Defendant. Pursuant to Fed.R.Civ.P. 16(b)(4) and for good cause shown, the time for Plaintiff to amend his pleading was extended to March 24, 2010 [D.E. 16]. Because Plaintiff's Motion to Amend was timely filed on March 23, 2010 [D.E. 18], there is no Fed.R.Civ.P. 16(b) deadline issue at hand.

Rather, the present issue is whether Plaintiff is entitled to the Court's leave in order to amend his Complaint pursuant to Fed.R.Civ.P. 15(a). Plaintiff's action is brought under the provisions of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 ("FMLA"). Pursuant to Fed.R.Civ.P. 15(a)(2), Plaintiff's motion "asks to amend his Complaint for the first time in order to give the proper scope to his legal claims against Defendant. . . ." Plaintiff indicates that after further investigation (presumably via the discovery process previously mentioned in the parties' joint motion), he wishes "to add another category of employment benefits, medical insurance benefits, as a factual basis for his ERISA claim." Plaintiff asserts that these medical insurance benefits "provided [Plaintiff], his wife, and his children with medical, vision, dental, and related coverage." Plaintiff argues that he should be granted leave to amend his Complaint "in order to ensure a judgment on the merits" and because "all of the relevant factors support [Plaintiff's] motion," including notice, lack of prejudice to Defendant, want of undue delay, good faith, and futility.

In response, Defendant objects that the amended complaint would "significantly broaden the ERISA claim" by adding four (4) medical insurance plans—health, dental, vision, and prescriptions—to the original claim. Defendant states, "[t]here is simply insufficient time . . . to defend against all of those claims under the current scheduling order." Defendant also contends that Plaintiff's proposed amended claims are time-barred under the State of Tennessee's one year statute of limitations for wrongful termination and retaliatory discharge claims. Lastly, Defendant as-

serts that the Motion to Amend should be denied because "Plaintiff did not exhaust the administrative prerequisites to bring suit under any of the medical insurance plans, and Plaintiff has not alleged he has done so." Plaintiff replies [D.E. 21–2] that only two of the six relevant factors—prejudice and futility—are asserted by Defendant and that neither of these have merit.

### ANALYSIS

Fed.R.Civ.P. 15(a)(2) addresses the issue of amending pleadings after a party has amended a pleading once as a matter of course or when the time for amendments of that type has expired. In such circumstances, the Rule permits a party to amend his or her pleading only with the opposing party's written consent or the court's leave. By stating, "the court should freely give leave when justice so requires," subdivision (a)(2) of Rule 15 encourages federal courts to look favorably on requests to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) citing 3 James William Moore, Federal Practice §§ 15.08, 15.10 (2d. ed.1948) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded."); *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1293–94 (6th Cir.1974) ("Normally, federal courts favor liberality in permitting amendments to pleadings."). Rule 15 reinforces the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Foman*, 371 U.S. at 182, 83 S.Ct. 227 ("If the underlying facts or circumstances relied upon by the plaintiff may be a subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The Sixth Circuit has cautioned, however, that "the right to amend is not absolute or automatic." *Tucker v. Middleburg–Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir.2008). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir.1995). District courts should balance several factors when determining whether to grant a motion to amend under Rule 15(a)(2) including, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009); *E.E.O.C. v. Taco Bell Corp.*, 575 F.Supp.2d 884, 888 (W.D.Tenn.2008) (*quoting Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir.2001)). It appears that Defendant's objection to Plaintiff's proposed amendments rests on two of these factors—prejudice and futility.

As to his prejudice argument, Defendant asserts that Plaintiff's amendments would "significantly broaden the ERISA claim," thus providing "insufficient time . . . to defend against all of these claims under the current scheduling order." A crucial factor for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) ("Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) ("[I]n deciding whether to permit such an amendment, the trial court was

required to take into account any prejudice that [opposing party] would have suffered as a result."). The party opposing the motion must make "some significant showing of prejudice" in order for the court to deny a motion to amend. *Ziegler v. Aukerman,* 512 F.3d 777, 786 (6th Cir.2008) (*quoting Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986)).

■ A court should, of course, conduct an inquiry into possible hardship resulting to the party opposing the motion. For example, the court may deem it prejudicial if the Plaintiff, in the latter stages of litigation, presents an alternative theory of recovery that substantially changes the theory on which the case has been proceeding. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974) ("[T]o put Schwinn through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and prejudicial."). Additionally, a court may deny amendments when the opposing party could claim surprise because he could not have recognized that the new matter included in the amendment would be at issue. *But see Jarrett v. Epperly,* 896 F.2d 1013, 1020 (6th Cir.1990) ("A claim of surprise that is not borne out by the facts ... will not entail sufficient prejudice to warrant the denial of a motion to amend." (*quoting* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1495 (2d ed.1987))).

Defendant has not significantly shown this Court that granting Plaintiff's proposed amendments at this stage of the litigation would result in substantial prejudice. Unlike the plaintiff in *Troxel,* Plaintiff in the present case has presented his alternative theory of recovery in the early stages of litigation. Plaintiff's alternative

theory also does not substantially alter the theory on which his original Complaint was based; rather, it merely seeks to add a factual basis to the initial ERISA claim. Moreover, the issues raised by the proposed amendments are not remote from the other issues in the case. The same operative facts apply to both the new claims and original claims. Further, Defendant's assertion that the amendments would leave "insufficient time to defend" can be remedied as necessary through a Fed.R.Civ.P. 16(b)(4) scheduling modification. According to Rule 16(b)(4), a scheduling order may be modified for "good cause and with the judge's consent."

Additionally, Defendants until now have provided little or no extensive discovery on the ERISA claims raised in the original Complaint. It appears that permitting Plaintiff to add more specific allegations concerning the ERISA claim already asserted in the initial Complaint will neither appreciably increase Defendant's discovery burden nor unduly delay discovery or trial. Lastly, Defendant cannot reasonably claim surprise because Defendant was previously made aware of the substance of Plaintiff's proposed amendments in the parties' Joint Motion to Modify Scheduling Order [D.E. 15]. In that motion, Plaintiff stated, "Mr. Anderson anticipates that he may need to amend his complaint in order to plead alternatively that Young Touchstone terminated him to prevent him from receiving medical benefits covered by ERISA."

As to the second objection of futility, Defendant presents two arguments, first that the claims are time-barred and second, that Plaintiff has failed to exhaust administrative remedies. Regarding the first defense, Defendant contends that Plaintiff's amendments are time-barred under Tennessee's one-year statute of limitations for wrongful termination and retaliatory discharge claims. In his Reply in

Support of Plaintiff's Motion to Amend [D.E. 21–2], Plaintiff agrees with Defendant's assertion that "his claims accrued at his termination in September 2008. . . ." Plaintiff also accurately points out that Defendant, surprisingly, "does not mention the relation-back of amendments under Fed.R.Civ.P. 15(c)(1)(B), which makes [Plaintiff's] claims timely."

Fed.R.Civ.P. 15(c)(1)(B) states, "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." An amendment relates back if the new claims constitute "added events leading up to the same injury" or "an added theory of liability for the same occurrence." *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248–49 (6th Cir.2000). "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *U.S. ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir.2007) (*quoting Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir.2006)).

■ The Court agrees with Plaintiff that the proposed amendments are timely within the relation-back doctrine. It is clear to this Court that Plaintiff's amended complaint "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed.R.Civ.P. 15(c)(1)(B). Plaintiff's amended claims arise out of the same injury as his original claims; namely, his termination by Defendant in September 2008. Plaintiff's proposed amendments merely constitute an added theory of liability for the same occurrence. Be-

cause the relation back doctrine is applicable, the amended complaint is measured from the filing of the original complaint on August 19, 2009, and not the filing of the amended complaint on March 23, 2010. Plaintiff's amended claims, therefore, are not time-barred by Tennessee's one-year statute of limitations.

■ Regarding the next objection of futility, Defendant argues that Plaintiff has not exhausted all administrative remedies available under his medical plan which, Defendant contends, is required before bringing an action under 29 U.S.C. § 1140. The exhaustion requirement is not explicitly mentioned in the ERISA statute, but has been created by case law.

Under ERISA, an employee may allege a claim for *benefits* due under an employee benefit plan, or a claim of a violation of a *statutory* provision of ERISA. Benefits claims litigation is generally filed pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B), which grants every participant in an employee benefit plan the right "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of his plan." Federal courts generally agree that participants seeking benefits due under an employee benefit plan must exhaust their internal administrative remedies before filing suit. *See Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir.1994); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir.1991); *see also Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1226–27 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 8633, 88 L.Ed.2d 902 (1986); *Kross v. Western Elec. Co., Inc.*, 701 F.2d 1238, 1244–45 (7th Cir.1983); *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980).

These decisions, however, did not decide whether one must exhaust administrative remedies when bringing an action to assert rights granted by the federal statute, rather than enforcing terms of a benefit plan. Indeed, courts have generally held that exhaustion of internal plan remedies is not required where an employee alleges a violation of a *statutory* provision of ERISA. *See Richards v. General Motors Corp.*, 991 F.2d 1227, 1235 (6th Cir.1993) ("[P]laintiff's retaliatory discharge claim is not precluded under this theory [of exhaustion]."); *Stumpf v. Cincinnati*, 863 F.Supp. 592, 597 (S.D.Ohio 1994) ("Because it appears that when deciding whether a company has violated statutory provisions of ERISA under section 510, exhaustion of administrative remedies is not beneficial, we hold that exhaustion is not necessary in this case"); *Garry v. TRW, Inc.*, 603 F.Supp. 157, 163–64 (N.D.Ohio 1985) ("The exhaustion of administrative remedies is not a prerequisite to bringing a civil action to redress violations of § 510 of ERISA."); *see also Zipf v. American Tel. & Tel. Co.*, 799 F.2d 889 (3d Cir.1986) (holding that section 510 of ERISA mandates interpretation of the statute and should be done by federal courts); *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir.1984) (holding exhaustion of administrative remedies not required prior to bringing statutory claim under ERISA). *But see Kross v. Western Electric Co., Inc.*, 701 F.2d 1238 (7th Cir. 1983) (affirming district court decision requiring plaintiff to exhaust administrative remedies); *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), *cert. denied* 474 U.S. 1087, 106 S.Ct. 8633, 88 L.Ed.2d 902 (1986) (requiring exhaustion for claims grounded in statutory provisions of ERISA). "Suits alleging statutory violations of ERISA have mainly involved violations of: (1) 29 U.S.C. § 1140 ... and (2) breaches of fiduciary duty by plan fiduciaries." Andrew M. Campbell, Annotation, *Exhaustion of Administrative Remedies as Prerequisite to suit under the Employment Retirement Income Security Act of 1974*, 162 A.L.R. Fed. 1 (2000). Congress enacted 29 U.S.C. § 1140 to stop employers from discharging or harassing their employees who were trying to obtain their statutory based rights. *West v. Butler*, 621 F.2d 240, 244–46 (6th Cir.1980).

In the present case, Plaintiff alleged in his original Complaint that Defendant terminated his employment in violation of § 510 of ERISA (29 U.S.C. 1140). Plaintiff, therefore, has made a claim of a violation of a statutory provision of ERISA, rather than a claim for benefits due under an employee benefit plan. Consequently, the exhaustion requirement does not apply to Plaintiff's proposed amended claims. It appears that Defendant failed to recognize the distinction that the majority of courts have made between benefit claims and statutory claims. Defendant's reliance on the Seventh and Eleventh Circuits, which are in the minority on this issue, has failed to persuade this Magistrate Judge. This Court agrees with Plaintiff that he does not have to plead exhaustion of administrative remedies regarding his ERISA claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend.

IT IS SO ORDERED.